IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00152-MR-WCM

| | | |
|---|---|---|
| HULSING ENTERPRISES, LLC, and EARTH FARE MANAGEMENT, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| FAZIO MECHANICAL SERVICES, INC. | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court *sua sponte*.

On May 5, 2021, Plaintiffs Hulsing Enterprises, LLC ("Hulsing Enterprises") and Earth Fare Management, Inc. ("Earth Fare Management") (together "Plaintiffs") filed their complaint against Defendant Fazio Mechanical Services, Inc. in the Superior Court Division of the General Court of Justice of Buncombe County, North Carolina. Doc. 1-1.

On June 9, 2021, Defendant removed the matter to this court. Doc. 1. In the associated Notice of Removal, Defendant contends that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

Defendant states that it "is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania." Doc 1 at 1-2.

1

Defendant further states that, according to the complaint, Hulsing Enterprises "is a North Carolina limited liability company with its principal place of business in Asheville, NC" and that Hulsing Enterprises's corporate website "states that its corporate office is located in Prairie Village, Kansas." Id. at 2.

Finally, Defendant states that Earth Fare Management is a North Carolina corporation with its principal place of business in Asheville, North Carolina. Id.

"For purposes of diversity jurisdiction, the citizenship of a limited liability company … is determined by the citizenship of all of its members". Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). When members are LLCs themselves, the citizenship issues must be traced through until one reaches only individuals and/or corporations. See Jennings v. HCR ManorCare, Inc., 901 F.Supp.2d 649, 651 (D.S.C. 2012) ("an LLC's members' citizenship must be traced through however many layers of members there may be").

"The burden of establishing subject matter jurisdiction is on…the party asserting jurisdiction." Robb Evans & Assoc., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010). Thus, here, Defendant "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse." Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv

Found. of New York, 822 F.3d 739, 748 (4th Cir. 2016); see also Cartwright v. SSC Yanceyville Operating Company, LLC, No. 1:18CV287, 2018 WL 6680925, at *2 (M.D.N.C. Dec. 19, 2018) (explaining that the removing party had the burden of demonstrating removal was proper by showing, by a preponderance of evidence, that the parties were diverse).

However, while the citizenship of Earth Fare Management (North Carolina) and Defendant (Pennsylvania) is sufficiently alleged, the citizenship of Hulsing Enterprises is not; the record does not reveal the identity or citizenship of the constituent members of Hulsing Enterprises. See Veach v. Mary Moody Northern, Inc., No. 7:16-cv-00518, 2016 WL 10516722, at *1 ("Because the notice of removal does not identify the names of Mountain Lake, LLC's members or the states of their citizenship, it fails to allege sufficient facts to establish complete diversity of citizenship between the parties. Defendants, who have invoked this court's jurisdiction, bear the burden of proving that the court has subject-matter jurisdiction over this action").

Accordingly, Defendant, as the removing party, is **DIRECTED** to file, on or before July 29, 2021, a notice identifying the citizenship particulars of Hulsing Enterprises, LLC.[1]

It is so ordered.

Signed: July 15, 2021

W. Carleton Metcalf
United States Magistrate Judge

---

[1] On June 16, 2021, Defendant filed a Motion to Dismiss asserting that this court lacks personal jurisdiction over Defendant. Doc. 3. As neither Hulsing Enterprises nor Earth Fare Management have responded to that motion, it appears that Plaintiffs may concur that the court lacks personal jurisdiction over Defendant. Nonetheless, as courts have an independent obligation to investigate potential defects in subject matter jurisdiction, the undersigned finds that the citizenship particulars of Hulsing Enterprises, LLC should be considered at this time.