IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00152-MR-WCM

| | |
|---|---|
| HULSING ENTERPRISES, LLC, and EARTH FARE MANAGEMENT, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    MEMORANDUM AND<br>)    RECOMMENDATION<br>) |
| FAZIO MECHANICAL SERVICES, INC. | )<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the Court on Defendant Fazio Mechanical Services, Inc.'s Motion to Dismiss (the "Motion to Dismiss" Doc. 3), which has been referred to the undersigned pursuant to 28 U.S.C. §636 for the entry of a recommendation.

I.  Relevant Procedural History

On May 5, 2021, Plaintiffs Hulsing Enterprises, LLC ("Hulsing Enterprises") and Earth Fare Management, Inc. ("Earth Fare Management") (together "Plaintiffs") filed their complaint against Defendant in the Superior Court Division of the General Court of Justice of Buncombe County, North Carolina. Doc. 1-1.

1

On June 9, 2021, Defendant filed a Notice of Removal, asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1332. Doc. 1.[1]

On June 16, 2021, Defendant filed its Motion to Dismiss along with a supporting memorandum and other documents. Doc. 3 – Doc. 3-4.

Plaintiffs did not file a response to the Motion to Dismiss, and the time to do so has expired.

## II. Discussion

### A. Plaintiffs' Allegations

Plaintiffs have asserted claims against Defendant for negligent misrepresentation, fraudulent inducement, and breach of contract relative to refrigeration work to be performed by Defendant at two locations in Ohio where Earth Fare Management intended to operate grocery stores.

### B. Legal Standard

"[A] Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016).

---

[1] The undersigned later directed Defendant, as the removing party, to file a notice identifying the citizenship particulars of Hulsing Enterprises. See Doc. 4. Defendant filed an Amended Notice of Removal on July 28, 2021, which included a declaration of Dennis Hulsing, the sole member of Hulsing Enterprises. Doc. 5. Based on that information, it appears that the parties are completely diverse.

2

"When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a prima facie case of jurisdiction." Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 226 (4th Cir. 2019).[2] "[T]he district court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction"; however, "[u]nlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." Hawkins, 935 F.3d at 226.

### C. Discussion

Defendant argues that Plaintiffs' claims should be dismissed because this Court lacks personal jurisdiction over Defendant. As noted, Plaintiffs have

---

[2] In their Complaint, Plaintiffs alleged that the Buncombe County General Court of Justice, Superior Court Division had "jurisdiction over the parties…." Doc. 1-1 at 4. Though Plaintiffs have not responded to the Motion to Dismiss, since federal courts take the allegations of the complaint in a removed case as they are found, the undersigned considers Plaintiffs to be the parties asserting personal jurisdiction for purposes of the Motion to Dismiss. Further, Defendant's removal of the case to federal court did not waive Defendant's personal jurisdiction defense. See Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020) ("Our sister circuits have long held that '[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction, but after removal, the federal court takes up the case where the state court left off'") (quoting Nationwide Eng'g & Control Sys., Inc. v. Thomas, 837 F.2d 345, 347–48 (8th Cir. 1988)).

not responded to or contested the Motion to Dismiss. Nonetheless, the undersigned has closely examined the Motion to Dismiss.

Defendant first argues that general personal jurisdictional may not be exercised over Defendant. In support of this position, Defendant states that it is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania, and that it is licensed to perform construction, installation, and maintenance work in Pennsylvania, West Virginia, Maryland, Virginia, and Ohio but has never been licensed to work in North Carolina and has not provided construction, installation, or maintenance services in North Carolina. Defendant further asserts that it has never been incorporated under North Carolina law or maintained its principal place of business in North Carolina. Additionally, Defendant states that it has never maintained office space or employed any persons in North Carolina and does not maintain financial accounts or own real property in North Carolina. Defendant supports these assertions through declarations attached to its Motion to Dismiss. Docs. 3-2 & 3-3.

Accordingly, the current record does not indicate that this Court may exercise general personal jurisdiction over Defendant. See Renfinity Inc. v. Jones, NO. 3:20-CV-00422-RJC-DSC, 2021 WL 639003, at *2 (W.D.N.C. Feb. 17, 2021) ("A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so 'continuous

4

Case 1:21-cv-00152-MR-WCM  Document 6  Filed 08/11/21  Page 4 of 8

and systematic' as to render them 'essentially at home in the forum State.' Plaintiff appears to concede that Defendants have not had continuous and systematic contacts with this State") (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

Defendant next argues that the Court lacks specific personal jurisdiction. When determining whether specific personal jurisdiction may be exercised, courts in this Circuit consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189 (4th Cir. 2016) (internal quotations omitted). "Courts will often find a defendant's contacts insufficient for personal jurisdiction if the plaintiff initiated contact with the defendant." Renfinity, 2021 WL 639003, at *5 (collecting cases). Further, "[c]ourts have held… that an exchange of communications between two parties, one of whom is located in the forum state, in furtherance of a contract, will not generally constitute purposeful contact with the forum state for purposes of jurisdiction." WLC, LLC v. Watkins, 454 F.Supp.2d 426, 436-437 (M.D.N.C. 2006).

In this matter, Defendant's evidence indicates that in August of 2020 Mark Wells of Hulsing Enterprises called Defendant's sales manager, Donald

5

Hollinger, to discuss refrigeration work on the two grocery stores in Ohio, and that these individuals later met in person in Ohio. Doc. 3-3 at 1-2. Defendant's engineering and estimating director, Tom Risch, subsequently sent proposals to Mr. Wells. Doc. 3-2 at 2. [3]

Defendant's information further states that all face-to-face meetings between Defendant's personnel and Plaintiffs' personnel regarding these projects took place in Ohio. Id. at 3; Doc. 3-3 at 2.

Consequently, based on the uncontroverted assertions in Defendant's declarations, it does not appear there is a basis for the Court to exercise specific personal jurisdiction over Defendant.

---

[3] While Defendant's supporting Memorandum states that Mr. Wells "called Fazio's Pennsylvania headquarters," Doc. 3-1 at 2, Mr. Hollinger's declaration does not say that he (Mr. Hollinger) was in Pennsylvania at the time. Further, Mr. Wells' location at the time of that call and when Mr. Risch later sent the proposals to Mr. Wells is not clear. However, it does appear that the first contact about the projects was initiated by Hulsing Enterprises.

## III. Recommendation

For the reasons set forth herein, and as further described in the Motion to Dismiss, the undersigned respectfully **RECOMMENDS** that Defendant Fazio Mechanical Services, Inc.'s Motion to Dismiss (Doc. 3) be **GRANTED**, and that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

Signed: August 11, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).